995 So.2d 1133 (2008)
Archbishop John FAVALORA, as Archbishop of the Catholic Archdiocese of Miami, a corporation sole, Petitioner,
v.
Kevin SIDAWAY, Respondent.
Nos. 4D08-3210, 4D08-3211.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
Michael A. Mullen and Anne C. Sullivan of Gaebe, Mullen, Antonelli, Esco & DiMatteo, *1134 Coral Gables, and J. Patrick Fitzgerald of J. Patrick Fitzgerald, P.A., Coral Gables for petitioner.
Sheldon D. Stevens, Merritt Island, and Jack Scarola of Searcy, Denny, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for respondent.
PER CURIAM.
In separate petitions, one for a writ of certiorari and the other for a writ of prohibition, John Favalora, Archbishop of the Catholic Archdiocese of Miami ("the Archdiocese"), a corporate sole, seeks to quash an order denying a motion to dismiss a complaint and to prevent the lower court from continuing to assert jurisdiction over plaintiff's complaint. Because both petitions assert that the trial court lacks subject matter jurisdiction, we have consolidated them for extraordinary writ consideration.
The petitions contend that the circuit court lacks jurisdiction over the Fourth Amended Complaint because the complaint raises issues concerning the scope of authority of an agent of the Archdiocese, who served as the Archdiocese's representative in settling a prior claim brought by the plaintiff. In this case, the plaintiff alleges that the Archdiocese fraudulently induced him to settle his claim by promising to implement reforms which the Archdiocese never planned to implement and which cannot be enforced. Plaintiff further alleges that the agent may have lacked authority to enter into all the terms of the settlement agreement and bind the Archbishop or Archdiocese.
The Archdiocese moved to dismiss the complaint, asserting that the allegations concerning the agent's delegated powers are matters of internal church governance, over which a civil trial court has no jurisdiction. We disagree and deny the petitions. The mere fact that this case may require inquiry into the applicable church law does not constitute "excessive entanglement" under the First Amendment. As explained by the Florida Supreme Court in Malicki v. Doe, 814 So.2d 347 (Fla.2002), neither the First Amendment, nor the religious autonomy principle, bars consideration of secular tort claims brought by third parties against a religious institution. The underlying suit will not require the circuit court to resolve any ecclesiastical dispute of religious doctrine or governance. Here, though questions regarding the scope of the agent's authority may require some examination of church law, this in no way interferes with the Archdiocese's religious autonomy over its internal affairs. The lower court is not being called upon to resolve any disputed intra-organizational issue of governance, and the plaintiff's secular tort claims are not barred by the First Amendment. See also Rapp v. Jews for Jesus, Inc., 944 So.2d 460 (Fla. 4th DCA 2006) (explaining that the First Amendment does not bar tort claims).
Nothing in this case suggests that the circuit court is poised to substitute its interpretations of church law for those of the religious organization and usurp the autonomy of the Archdiocese's government. In fact, the issue in this case involves far less "entanglement" in internal church affairs than the negligent hiring and supervision claims found constitutionally permissible in Malicki. The Archdiocese's policies regarding the scope of its agent's authority to enter into settlement agreements has nothing to do with religious belief or practice. Inquiry into these matters neither furthers nor inhibits any particular religion, nor does it interfere with anyone's right to freely exercise religion.
*1135 A First Amendment violation does not occur any time a case requires a court to examine church law or policies. See Malichi v. Archdiocese of Miami, 945 So.2d 526, 529 (Fla. 1st DCA 2006) (explaining that "[t]he subject of a priest's employment relationship with his church is not per se barred by the church autonomy doctrine"). The Archdiocese is not immune from suit merely because it is a religious organization. Indeed, such immunity and preferential treatment for a religious organization might itself violate the Establishment Clause. Here, the Archdiocese cannot evade justice and obtain de facto immunity by refusing to explain the scope of its agent's authority and, thereby, attempt to force the court to adjudicate a matter of church law. Although courts are required to accept a religious body's pronouncements of its internal laws and cannot adjudicate matters purely within the religious organization's authority, courts are not forbidden from examining a religious organization's internal laws or structure, especially where the inquiry is relevant to a third party's purely secular tort or contract claims. Malicki, 814 So.2d at 355-357. See also Malichi, 945 So.2d at 529 (explaining that "the nature of a priest's employment relationship with his church may be explored when a third party seeks damages from a church based on the priest's alleged tortious actions").
Accordingly, we deny the petitions with prejudice.
WARNER, STEVENSON and TAYLOR, JJ., concur.